IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Chad Stalnaker, also known as, ) <br> Chad Patrick Stalnaker, ) <br> ) <br> Petitioner, ) <br> ) Civil Action No. 5:23-cv-1335-BHH <br> v. ) <br> ) **ORDER** <br> Warden Martell of MacDougall, ) <br> ) <br> Respondent. ) <br> _____ ) | |

This matter is before the Court upon Plaintiff Chad Stalnaker's (" Petitioner" or "Stalnaker") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 15, 2023, Respondent filed a motion for summary judgment and a motion to strike (ECF Nos. 19 and 20), and the matters were referred to a United States Magistrate Judge for preliminary determinations in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C.

The Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the dismissal procedures and the possible consequences if he failed to respond to the motion. (ECF No. 21.) Petitioner filed a response in opposition to Respondent's motion for summary judgment on September 11, 2023; Respondent filed a reply on September 18, 2023; and Petitioner filed a sur-reply on October 2, 2023. (ECF Nos. 30, 31, and 33.)

On February 26, 2024, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court grant Respondent's motion for summary judgment and deny this § 2254 petition. Attached to the Magistrate

Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.[1]

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 38); the Court grants Respondent's motion for summary judgment (ECF No. 19); and the**

---

[1] Petitioner's father called the Clerk's office on March 12, 2024, stating that his son needed an extension of time. However, Petitioner's father was advised that Petitioner needed to file something in writing requesting an extension of time. To date, the Court has not received a written request from Petitioner for an extension of time.

Court finds moot Respondent's motion to strike (ECF No. 20).

    **IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 18, 2024
Charleston, South Carolina