IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Chad Stalnaker, also known as, )<br>Chad Patrick Stalnaker, )<br>　　　　　　　　　　　　　　　　)<br>　　　　　　Petitioner, )<br>　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>Warden Martell of MacDougall, )<br>　　　　　　　　　　　　　　　　)<br>　　　　　　Respondent. )<br>_____ ) | Civil Action No. 5:23-cv-1335-BHH<br><br>**<u>ORDER</u>** |

　　　　On March 18, 2024, this Court entered an order adopting the Magistrate Judge's Report and Recommendation without objection and granting Respondent's motion for summary judgment as to Petitioner Chad Stalnaker's (" Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 41.) However, later the same day, the Court also received a motion for extension of time to file objections from Petitioner, which was signed on March 12, 2024, and was postmarked March 13, 2024. (ECF Nos. 44 at 2, 44-2 at 1.) After review, the Court granted Petitioner's motion for an extension of time to file objections, thereby vacating its order adopting the Magistrate Judge's Report without objection (ECF No. 41). (ECF No. 44). The Court instructed Petitioner to file his objections on or before April 12, 2024.

　　　　On March 27, 2024, Petitioner filed objections to the Report, asserting that the Magistrate Judge improperly analyzed the post-conviction relief ("PCR") record and Petitioner's brief, and that the Petitioner did not subject Petitioner's claim to objective testing. (ECF No. 49 at 2-3.) Petitioner next asserts that the Magistrate Judge erred in her application of "adjudicated on the merits" and her understanding of when de novo

review is warranted. (*Id.* at 4-7.) As a third objection, Petitioner asserts that the Magistrate Judge erred in finding that the PCR court reasonably denied his ineffective assistance of counsel claim. (*Id.* at 7-12.) Fourth, Petitioner objects "that the Magistrate Judge's implications that the Petitioner ever stated or relied on a 'promise' to be made in regard[] to the guilty plea." (*Id.* at 12.) As a fifth objection, Petitioner objects to the Magistrate Judge's determination that the PCR court found that Petitioner failed to establish prejudice as a result of any alleged deficiency. (*Id.* at 13.) Next, Petitioner objects to the Magistrate Judge's analysis and conclusions of law agreeing with the PCR court, again asserting that the PCR court failed to properly apply federal law to his case. (*Id.* at 15.) As a final objection, Petitioner asserts that the Magistrate Judge incorrectly found that ineligibility for parole is not a direct consequence in regard to his involuntary plea agreement. (*Id.* at 15-16.)

In addition to filing objections to the Report, on March 29, 2024, Petitioner filed a motion to voluntarily withdraw his § 2254 petition, asserting that he has learned new facts and law and that he would like to "withdraw my enter federal habeas petition – with or without prejudice – does not matter to me." (ECF No. 51 at 1.)

After a thorough review of Petitioner's objections and a de novo review of the record as a whole, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Additionally, the Court finds no merit to Petitioner's objections, and the Court ultimately finds that the Magistrate Judge properly concluded, among other things, that the claims raised in grounds one (2) to (5) and the claims raised in ground three of his petition are procedurally barred, and that the PCR

court's denial of the claim raised in ground one (1) and the claims raised in ground two did not result from an unreasonable determination of the facts or involve an unreasonable application of federal law.

**Accordingly, the Court hereby adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 38); the Court grants Respondent's motion for summary judgment (ECF No. 19); the Court finds moot Petitioner's motion to strike (ECF No. 20) and motion to dismiss (ECF No. 51); and the Court denies Petitioner's § 2254 petition for the reasons set forth in the Magistrate Judge's Report.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

April 30, 2024
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.